LAW OFFICE OF LAURA A. FINE, P.C.
Laura A. Fine  OSB 88205
541 Willamette Street, Suite 403
Eugene, Oregon  97401
Telephone: (541) 341-4542
Fax:  (541) 341-4543
E-Mail: finelaw@qwestoffice.net

Attorney for Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ANGELA MARIE STEVENSON,<br><br>     Petitioner,<br><br>v.<br><br>MARK J. WALKER,<br><br>     Respondent. | Case No. 10-6341-HO<br><br>COMPLAINT<br><br>(*Bivens* Action)<br><br>DEMAND FOR JURY TRIAL |

## JURISDICTION

1. Plaintiff Angela Marie Stevenson brings this action for damages pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971) for violations of the Fourth, Fifth, Eight, Ninth, and Thirteenth Amendments of the Constitution of the United States. This court has jurisdiction pursuant to 28 USC § 1331 and 1343.

2. Plaintiff was is a resident of Oregon while supervised by Federal Probation

Page 1 - COMPLAINT

officer Mark Walker and is currently a resident of Missouri. Defendant Mark J. Walker is a resident of Oregon.

3. At all times material herein, Defendant was a United States Parole and Probation Officer acting under the color of his authority.

## VENUE

4. Venue is proper in this district pursuant to 28 USC § 1391(b) and 1391(e).

## FACTUAL ALLEGATIONS

5. On or about September 19, 2005, Plaintiff was convicted of Conspiracy to Commit Theft of Mail, Use of Another Person's Identification With Intent to Commit a State Felony (Identity Theft or Forgery, and Forgery, a Class D Felony, in the United States District Court, District of Kansas, and placed on 60 months probation. Her probation ended in September of 2010.

6. During her period of probation, Plaintiff requested and received permission to transfer her probation to Oregon so she could reside with her mother.

7. Once in Oregon, Defendant Mark J. Walker was assigned to supervise Plaintiff's probation.

8. Defendant used his position as Plaintiff's Probation Officer to compel her to submit to sexual contact, including sexual intercourse.

9. Defendant's acts violated Plaintiff's protected rights and were an excessive intrusion onto her person without just cause and amounted to deliberate indifference to Plaintiff's protected rights.

10. Plaintiff initially resisted but eventually acceded to Defendant's demand for sexual intercourse out of fear of Defendant's threats that Defendant would cause Plaintiff to be taken into custody if she did not do what he wanted her to do and because of physical intimidation and force by Defendant.

Page 2 -    COMPLAINT

11. Defendant's conduct violated Plaintiff's Fourth and Ninth Amendment privacy rights, her Fifth Amendment liberty rights, her Eighth Amendment right against cruel and unusual punishment, and her Thirteenth Amendment right against involuntary servitude.

12. Defendant's conduct in violation of constitutional standards was counterproductive to Plaintiff's rehabilitation by causing her severe mental distress, post traumatic stress disorder, and ultimately forcing her to leave the support and comfort of living with her mother in order to return to Missouri in the hopes that Defendant's abuse would cease.

13. Plaintiff has been damaged by Defendant's conduct, in an amount to be determined at trial, consisting of anguish, humiliation, mental distress, post traumatic stress, depression, loss of support of her mother, and loss of trust of authority.

14. Defendant's actions in this case constitute an egregious violation of societal interests, and are of a nature that sanctions would tend to deter Defendant and other persons in his position from engaging in further conduct of this nature. Accordingly, Plaintiff should be awarded punitive damages in a sum to be determined at trial.

WHEREFORE, Plaintiff requests judgment in an amount to be determined at trial and for costs and disbursements incurred.

Dated this ___ day of October, 2010.

Respectfully submitted,

Laura A. Fine   OSB 88205
Attorney for Petitioner

Page 3 -   COMPLAINT